504 P.2d 39

**INTERNATIONAL CULTURAL EX-CHANGE SCHOOLS, INC., a corporation, Plaintiff and Appellant,**

v.

**Richard D. MADSEN et al., Defendants and Respondents.**

**No. 12676.**

Supreme Court of Utah.

Dec. 7, 1972.

Macoy A. McMurray, of McKay, Burton, McMurray & Thurman, Salt Lake City, for plaintiff and appellant.

Randon W. Wilson, Roger J. McDonough, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for defendants and respondents.

HENRIOD, Justice:

Appeal from a summary judgment for defendants, ex-employers of plaintiff, somewhat charitable nonprofit corporation that sued them on a contract containing a provision that they would not work for anyone else for a period of time after termination of employment. Affirmed, with costs on appeal to defendants.

Plaintiff was incorporated in 1966 under the Utah Nonprofit Corporations Act (16–6, Utah Code Annotated, 1953, as amended), whose corporate purpose was educational, and whose articles provided, inter alia, that "no part of the earnings" could "inure to the benefit of any shareholder or individual" and that "should this corporation be dissolved for any reason . . . none of its assets shall be distributed to its officers or Trustee" and that "upon such dissolution any assets remaining . . . . shall be given to a special scholarship fund for deserving student exchange programs." The plaintiff, during its life, employed defendants who agreed not to compete with plaintiff in its purposed endeavors, for a specified time after their employment voluntarily or otherwise was severed. After things apparently had gone badly or a change in corporate structure was envisioned, and in September, 1970, two of the three incorporators joined in forming another corporation, in which they were two of the three incorporators, which new corporation was not a nonprofit corporation at all, but a *profit* corporation created under the Utah *Business* Corporation Act (Title 16–10, U.C.A.1953, as amended), whose corporate name was identical to plaintiff's, save for the significant elimination of the word "Cultural."

After a period of six months' waiting, and in March, 1971, plaintiff purported to transfer all its assets, including the employment contracts, to the new corporation, whose structure approached an alter ego posture as glaringly apparent as we have encountered. The transfer appeared to the trial court to be void as being violative of Title 16–6, U.C.A.1953 (supra) under which plaintiff was organized, and to none of which maneuverability or transfer of assets defendants agreed, nor ratified. We are in agreement with the trial court's conclusion to this effect, and might add that it would appear that such unorthodox procedure well might reflect a divorcement from public policy standards anent the proper employment of eleemosynary funds charged with a specific trust.

From the above we conclude that the effort to restrain the defendants from any type of employment is abortive for several reasons, including the untenable insistence of a dissolved, nonexistent corporation against whom defendants obviously could not compete, an arrangement offensive to public policy, and an incapacity to litigate the question posed here for the reasons that the parent statute clearly was violated

**18**

and legally irreconcilable and unenforceable conflict of employer-employee relationship evolved,—all of which demand the denial of relief under the circumstances of this case.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.